FRANKLIN TURNPIKE COMPANY *v.* LONG DIASTANCE TEL-
EPHONE & TELEGRAPH COMPANY.

(*Nashville.*   December Term, 1906.)

1. **STATUTES.** Provision in the body not embraced or included
   in the caption is unconstitutional.

   A statute (Acts 1885, ch. 135), whose caption purports to amend
   certain sections of the Code of 1858, by extending their opera-
   tion to the condemnation of the property of private corporations,
   and whose body provides that the circuit court in which a
   petition for condemnation is filed shall have jurisdiction, in one
   proceeding, to condemn property of private corporations in all
   the counties composing the circuit in which the court may be
   held, whereas, the jurisdiction is confined by said sections of
   the Code to the circuit court of the county in which the land
   lies, is unconstitutional to the extent that the body thereof
   undertakes to increase and extend the jurisdiction of the court
   beyond the jurisdiction conferred by said sections of the Code,
   because such increased jurisdiction is not embraced in the cap-
   tion, but is beyond its purview, and is a different subject-mat-
   ter from that contained in the caption, and is not justified by
   it.

   Code cited and construed:  Secs. 1844-1867 (S.); secs. 1549-1572
   (M. & V.); secs. 1325-1348 (T. & S. and 1858).

   Acts cited and construed:  1885, ch. 135.

2. **SAME.** Severable unconstitutional provision eliminated with-
   out invalidating the constitutional part, when.

   The provisions of said act as shown in the foregoing headnote are
   clearly severable, and all that part of the act preceding the
   proviso and extending the operation of said sections of the Code
   to the condemnation of the property of private corporations is
   constitutional, and all that part of section 1 contained in the

Turnpike Co. v. Telephone & Telegraph Co.

proviso, and making special provisions as to telegraph and tele-
phone companies and extending the jurisdiction of the court as
to them, is unconstitutional and void, for the reasons stated in
the foregoing headnote.

See citations under first headnote.

FROM DAVIDSON.

Certiorari to the Circuit Court of Davidson County.
–JOHN W. CHILDRESS, Judge.

Cox & Cox, for Turnpike Co.

LUKE LEA, for Telephone & Telegraph Co.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is a proceeding by the Long Distance Telephone
& Telegraph Company to condemn a right of way over
the Franklin turnpike from Nashville, to Franklin, Ten-
nessee. The petition was filed in the second circuit
court of Davidson county. About one mile of the turn-
pike over which the right of way is sought lies in David-
son county, and the other nine miles lie in Williamson
county. These proceedings were instituted under chap-
ter 135, p. 245, of the Acts of 1885. There was a demur-
rer to the petition, setting up, among other things, that

the second circuit court of Davidson county, in which the petition was filed, had no jurisdiction to condemn the portion of the turnpike lying in Williamson county, that Acts 1885, p. 245, c. 135, is unconstitutional, and that it is only under the provisions of that act that the proceedings to condemn land in Williamson county could be had in the circuit court of Davidson county. The demurrer was overruled, and an answer was filed, setting up numerous grounds of defense, among others, that the construction of the line was not for a public use, and was not, therefore, authorized, and that condemnation proceedings could not be had in its behalf, and that the telephone company was not authorized to exercise the right of eminent domain.

A jury was asked to try this issue. This was refused, and a writ was awarded to summon a jury of inquest to set apart the right of way and assess the damages. The jury made its report, and assessed the damages at one hundred dollars; and there was an appeal on the part of the petitioner to the circuit court. Thereupon defendant turnpike company applied for writs of certiorari, which were granted, and the case is before this court in obedience to said writ.

The first assignment of error which we shall consider is that the court erred in overruling the demurrer, which set up want of jurisdiction in the circuit court of Davidson county to condemn land in Williamson county. Code 1858, secs. 1325-1348, prescribes the mode of proceeding to condemn lands for public improvements. Sec-

tion 1326, which is the same as section 1845 of Shannon's Compilation, prescribes that the petition shall be filed in the circuit court of the county in which the land lies; and specifies what it shall contain; and the other sections following prescribe the mode of proceeding. The condemnation proceedings in this case are not authorized by these sections, since they do not provide for the condemnation of property of private corporations. Acts 1885, p. 245, c. 135, was intended to extend the provisions of the Code, so that they should apply to and include the condemnation of property of private corporations; and it is under this act that the proceedings must be sustained, if at all.

It is said that this act is unconstitutional, because the body of the act contains provisions which are not embraced in the caption, nor referred to in the caption in any way. The caption of the act is in the following words: "An act to amend sections 1325 to 1348, inclusive, Code of 1858, being sections 1549-1572, inclusive, Milliken & Vertrees' Code, so as to extend the operation of said sections to the condemnation and taking of the property, privileges, rights or easements of private corporations for public purposes, or internal improvements."

The first section of the act is in these words: "Section 1. Be it enacted by the general assembly of the State of Tennessee, that the operation of sections 1325 to 1348, inclusive, of the Code of 1858, being sections 1549 to 1572, inclusive, of Milliken & Vertrees' Code, be

and the same are hereby extended so that the same shall
apply to and include the condemnation and taking of the
property, privileges, rights or easements of private cor-
porations for public purposes or internal improvments;
provided, however, that no telegraph or telephone com-
pany, or other such company, shall be permitted to
attach its lines to, or otherwise use the poles of, any
other telegraph or telephone company without the con-
sent of such company being first had and obtained, and
that in condemning rights of way for telegraph and
telephone companies, the juries shall not be required to
lay off the property, privileges, rights or easements
included in the petition, or sought to be condemned by
metes and bounds, and in such cases it shall be discre-
tionary with said juries whether they will view the
premises or not, and when a petition is filed to condemn
the property, easements, rights or privileges of a pri-
vate corporation for a telephone or telegraph company,
the circuit court in which said petition is filed shall have
jurisdiction of and power to condemn the right of way
for such company over and upon the rights, privileges,
easements and property of such private corporation,
in all the counties composing the circuit in which said
court may be held, in one proceeding."

We are of opinion that that portion of the act which
provides that the circuit court in which the petition is
filed shall have jurisdiction to condemn property of
private corporations in all the counties composing the
circuit in which said court may be held in one proceed-

Turnpike Co. v. Telephone & Telegraph Co.

ing is not embraced by the caption of the act. The caption of the act only purports to extend the operation of the sections referred to to the condemnation of property of private corporations. The caption does not provide for any amendment or change in the acts thus extended, and gives no intimation that there would be any amendment or change to the sections after they were extended. In other words, the act purports to extend the sections as they were, and the sections, thus extended, would be the same as in the original act or Code. The body of the act, however, not only extends the sections, but attempts to amend and change them, so as to provide a new and different jurisdiction in which the condemnation proceedings may be had. In so far as the body of the act attempts to amend the sections which are intended by the caption of the act to be extended, it presents a different subject-matter from the caption, and is not justified by it. It is true that the act of 1885 in this caption purports to amend the sections of the Code referred to, but it does not provide to amend them so as to change their provisions in any way, but only so as to extend them; and, under this caption, the only amendment that could be allowed would be the extension of the power to condemn the property of private corporations. But the provisions of the act are clearly severable, and so much of it as is constitutional may be so declared, and the remainder eliminated.

We are of opinion, therefore, and so declare, that all of the act which precedes the proviso is constitutional,

and all of section 1 which follows the proviso is unconstitutional, because beyond the purview of the caption and not referred to in any way in it. Upon this ground, the demurrer should have been sustained by the court below, and it is now done by this court; and the bill is dismissed, at the cost of the petitioner.