## BAKER *v.* STATE.

### (*Nashville.* December Term, 1922.)

1. **INTOXICATING LIQUORS.**  Evidence held sufficient to sustain conviction for storage.

Evidence *held* sufficient to sustain a conviction for storage of liquors. (*Post, p.* 424.)

2. **CRIMINAL LAW.**  Defendant not testifying presumably guilty.

A defendant, not testifying in his own defense, is presumed guilty on review.  (*Post, p.* 424.)

3. **INTOXICATING LIQUORS.** Storage act not superseded by Eighteenth Amendment and Volstead Act.

The storage act (Public Acts 1917, chapter 3) was not superseded and did not become inoperative by virtue of the Eighteenth Amendment to the federal Constitution and the Volstead Act.  (*Post, pp.* 424, 425.)

Acts cited and construed:  Acts 1917, ch. 3.

Case cited and approved:  Tony Vigliotti v. Commonwealth of Pennsylvania, 258 U. S., 403; State v. Rhodes, 146 Tenn., 398.

4. **STATUTES:**  Intoxicating liquor storage act not repugnant to constitutional provisions as to title and substance.

Public Acts 1917, chapter 3, relating to storage of intoxicating liquors, is not repugnant to Constitution, article 2, section 17, relating to subject-matter and titles of acts.  (*Post, pp.* 425-428.)

Case cited and distinguished.  Bell v. Hart, 143 Tenn., 588.

Constitution cited and construed:  Sec. 17, arts. 1, 2; Sec. 7, art. 1.

5. **CONSTITUTIONAL LAW.** Intoxicating liquors. Intoxicating liquor storage act does not deprive of liberty and property without due process of law; ''consent.''

Public Acts 1917, chapter 3, relating to storage of intoxicating liquors, and providing for punishment of officers of corporations knowingly consenting to a violation, does not violate (Constitution, article 1, section 17), as depriving corporation officers of liberty and property without due process of law; the word "consent" implying a degree of superiority, at least, the power of preventing. (*Post, pp.* 428, 429.)

Case cited and approved: Cowen v. Paddock, 62 Hun, 622.

Case cited and distinguished: Geddes v. Bowden, 19 S. C., 1.

6. **INTOXICATING LIQUORS.** Statute in prosecution for unlawful storage construed.

In a prosecution for violating Public Acts 1917, chapter 3, relating to storage of intoxicating liquors, and providing for punishment of corporate officer consenting to a violation, the language of the statute is to be strictly construed against the State, and will be held to mean something more than a refusal of the officer under indictment to actively dissent in order to render him guilty of a violation, and the State will be held bound to show that he had authority and power to control the actions of the agent actually doing the prohibited act. (*Post, pp.* 429, 430.)

7. **CONSTITUTIONAL LAW.** Person not affected by statute, cannot raise question of validity.

One prosecuted under Public Acts 1917, chapter 3, for unlawful storage of intoxicating liquors cannot raise the question that the statute violated Constitution article 1, section 17, in that it provided for the punishment of a corporate officer knowingly permitting a violation of the act, where he is not being prosecuted as an officer of a corporation. (*Post, p.* 430.)

8. **SEARCHES AND SEIZURES.** Intoxicating liquor storage act not invalid.

Baker v. State.

Public Acts 1917, chapter 3, relating to unlawful storage of intoxicating liquors, does not violate Constitution, article 1, section 7, relating to unlawful searches and seizures.   (*Post, pp.* 430, 431.)

Case cited and approved:   Hughes v. State, 145 Tenn., 544.

9. **CONSTITUTIONAL LAW.   One cannot complain as to validity of portion of act not affecting him.**

One indicted for a misdemeanor and for a first offense under Public Acts 1917, chapter 3, relating to unlawful storage of intoxicating liquor, was not affected by section 3 of the act, making a second violation a felony, and was in no position to question its validity. (*Post, p.* 431.)

10. **STATUTES.   Intoxicating liquor storage act valid, even if portion unconstitutional.**

Public Acts 1917, chapter 3, relating to intoxicating liquor, stating that the substance and principal object of the act is contained in sections 1 and 2, and that the fact that some part may be invalid is not to affect such sections, the act must stand, even though section 3, providing that a second violation is a felony, be held unconstitutional.   (*Post, pp.* 431, 432.)

Cases cited and approved:   Richardson v. Young, 122 Tenn., 523; Tillman v. Cocke, 68 Tenn., 429; State v. Trewhitt, 113 Tenn., 561; Turnpike Co. v. Telephone Co., 118 Tenn., 88.

Case cited and distinguished:   Reelfoot Lake Levee Dist. v. Dawson, 97 Tenn., 179.

## FROM DAVIDSON.

Error to the Criminal Court of Davidson County.— HON. J. D. B. DE BOW, Judge.

JNO. W. HILLDROP, for plaintiff in error.

WM. H. SWIGGART, JR., for the State.

MR. JUSTICE McKINNEY delivered the opinion of the court.

The plaintiff in error, hereinafter referred to as the defendant, was convicted in the criminal court of Davidson county for violating the storage act, and from the judgment pronounced has appealed to this court and has assigned numerous errors.

As to the facts in the case, we find abundant evidence to sustain the verdict. It appears from the record that three deputy sheriffs obtained a search warrant and went to the place of business of defendant and found a pint bottle filled, and another partly filled, with corn whisky on a shelf under the counter, back of which the defendant was standing. A whisky glass was beside the bottles, and smelled of whisky. The defendant attempted to get hold of one of the bottles before the officer did; that is, they both made a break for the bottle, and, as one or more witnesses state it, "They had a little scuffle." So far as is disclosed by the record the defendant had no other business at that place.

Defendant did not testify in his own behalf, and in this court is presumed to be guilty.

It is further insisted that the storage act (chapter 3 of the Public Acts of 1917) was superseded and became inoperative by virtue of the Eighteenth Amendment and the Volstead Act (41 Stat. 305).

The supreme court of the United States, on April 10, 1922, delivered an opinion in the case of *Tony Vigliotti,*

*Plaintiff in Error* v. *Commonwealth of Pennsylvania,* 258 U. S., 403, 42 Sup. Ct., 330, 66 L. Ed., —, from the supreme court of Pennsylvania, in which it decided this question adversely to the contention of the plaintiff in error, and such was the holding of this court in *State* v. *Rhodes,* 146 Tenn., 398, 242 S. W., 642.

The other errors assigned assail the constitutionality of the storage act upon the ground that it is repugnant to section 17 of article 2 of the State Constitution, section 17 of article 1, and section 7 of article 1 of said Constitution.

The act in question is as follows:

"An act to make it unlawful for any person, firm or corporation, to have or keep in stock, in any warehouse or place of business or other place within the State of Tennessee, any intoxicating liquors, including wine, ale, and beer, intended for present or future sale as a beverage, either at wholesale or retail and whether intended to be sold for delivery at the place of sale or to be shipped or otherwise transported for delivery at another place and to fix the punishment for violation of this act.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that it shall be unlawful for any person, firm or corporation to have or keep in stock, in any warehouse or place of business or other place within the State of Tennessee, any intoxicating liquors, including wine, ale or beer, intended for present or future sale as a beverage, either at wholesale or retail and whether intended to be sold for delivery at the place of sale or to be shipped or otherwise transported for delivery at another place.

"Sec. 2. Be it further enacted, that any person who, either for himself or as an officer or agent of any corpora-

tion, shall violate the provisions of this act shall be deemed guilty of a misdemeanor and shall, upon conviction, be fined not less than one hundred dollars ($100) nor more than five hundred dollars ($500) and imprisoned in the county jail or workhouse, for a period of not less than thirty days nor more than six months, and any officer of any corporation consenting to or knowingly permitting the violation of the provisions of this act by any one on behalf of such corporation, shall likewise be guilty of a misdemeanor and shall, upon conviction, be punished in the same manner. A record or subsequent violation of any of the provisions of this act shall be deemed a felony and the punishment therefor upon conviction, shall be imprisonment in the State penitentiary for not less than one year nor more than five years.

"Sec. 3. Be it further enacted, that whenever process requiring the arrest of any person for a violation of this act, shall be placed in the hands of any officer, it shall be the duty of such officer upon making the arrest to seize all intoxicating liquors found in the possession of such person or in his place of business or the place of business of any corporation of which he may be an officer or agent and to hold the same until the person arrested shall have been tried and convicted or acquitted. And to this end said officer is authorized and it is made his duty, when making the arrest to search said place of business. And upon the conviction of any person for a violation of this act, the sheriff or other officer shall be directed, as a part of the judgment of the court, to destroy all liquors which may have been so seized.

"Sec. 4. Be it further enacted, that it is the purpose to enact into law sections 1 and 2 hereof at all events and that

if, for any reason, it shall be held that any other parts hereof are invalid, such holding shal, in no wise, affect the validity of said sections 1 and 2.

"Sec. 5.   Be it further enacted, that this act take effect from and after July 1, 1917, the public welfare requiring it."

Section 17 of article 2 of the State Constitution is as follows:

"Bills may originate in either house; but may be amended, altered or rejected by the other.   No bill shall become a law which embraces more than one subject, that subject to be expressed in the title.   All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

Counsel in his brief does not point out the particulars in which the act offends the provision of the Constitution just quoted, but refers to a brief filed in another case.   The record and briefs in the case referred to were lost and have not been found, but a copy of the brief of the attorney-general in the case referred to has been furnished us, from which we find the contention to be that the act in question is broader than its caption.

This contention is without merit.   Every provision of the act is related to the caption and germane thereto.   Its purpose or object, as expressed in the caption, is to make it unlawful to keep on hand intoxicating liquors for the purpose of sale, and we find nothing in the act foreign to that purpose, or that deals with any other subject.

In *Bell* v. *Hart,* 143 Tenn., 588, 223 S. W., 996, this court said: "The two-subject clause of the Constitution was in-

tended to prevent a combination in the same act of laws upon wholly different subjects; to avoid the union of incongruous matters in one statute; to secure unity of purpose in legislative enactments."

As stated in several of our cases, the object and purpose of the one subject of legislation contained in the Constitution was to prevent the union, in the same act, of incongruous matters, and of objects having no connection or relation. We, therefore, hold that this contention is without merit.

Article 1, section 17, of the Constitution is as follows:

"That all courts shall be open; and every man, for any injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

It is contended that the legislature transcended its power in providing for the punishment of any officer of any corporation consenting to or knowingly permitting a violation of the provisions of this act by any one on behalf of such corporation.

The insistence is that such a provision deprives the corporation officer of his liberty and property without due process of law because it attempts to penalize and make criminal a mere act of omission or passive knowledge, without any active participation or assistance on the part of the person who is not even in any confidential relation to or in control of an actor in the alleged wrong.

In our opinion, this language is not susceptible of such a construction. The officer is not to be punished because

---

---

he does not dissent, but only where he assents, in the sense that he aids or abets in the offense.

The word "consent" has been 'defined as implying a degree of superiority, at least, the power of preventing. "It implies not merely that the person accedes to, but authorizes, an act." *Cowen* v. *Paddock,* 62 Hun, 622, 17 N. Y. Supp. 387[1].

In 12 Corpus Juris, 519, in defining the word, it is said: "The term implies the power to authorize and to prevent, a degree of superiority which arises from the presence of a combined mental and physical ability to act; it also implies not merely that a person accedes to, but authorizes an act."

In *Geddes* v. *Bowden,* 19 S. C., 1, the word is given the following definition and meaning, to-wit: "The word 'consent' originally implies choice, and one can scarcely be regarded as giving his consent to that which he has no right to object to. 'Consent' implies an agreement to that which, but for the consent, could not exist, and that which the party consenting has a right to forbid."

In any criminal prosecution, under this provision of the statute, the rule of construction would be to construe the language of the statute strictly against the state and in favor of the accused. In such a case the court would construe the provision to mean something more than a refusal of the officer under indictment to actively dissent in order to render him guilty of a violation of the statute. In order to show the requisite criminal intent on the part of the accused, the State would be held bound to show that he had authority and power to control the actions of the

---

[1]Reported in full in the New York Supplement; reported as a memorandum decision without opinion in the Hun Reports.

agent of the corporation actually doing the prohibited act, and that, failing to exercise his power and authority, he authorized and aided in the doing of the act.

A sufficient answer to this contention, however, is the fact that the defendant was not indicted as an officer of a corporation, and is not therefore affected by this provision of the act, and is not in a position to raise this question. When a proper case arises the act will be so construed as not to deprive a defendant of his property or liberty "without due process of law." This provision of the act, in our opinion, simply makes an aider and abetter punishable as a principal, which would be true, under the general law, regardless of the provision complained of. There is no merit in the assignment of error raising this question, and it will be overruled.

Section 7 of article 1 of the Constitution is as follows: "That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty, and ought not to be granted."

This question has been so elaborately discussed in the recent case of *Hughes* v. *State,* 145 Tenn., 544, 238 S. W., 588, 20 A. L. R., 639, that a review of the authorities here would be a useless and unnecessary consumption of time.

Counsel for the defendant does not point out wherein said act violates this provision of the Constitution. It cannot be contended, under the facts, that the search was unlawful, for the officers were advised that the defendant

was engaged in unlawfully selling intoxicating liquors at his place of business, and, upon such information, they procured a search warrant, and went to his place of business and seized the bottles of whisky that the defendant undertook to make way with. In other words, under the facts disclosed by the record, we are of the opinion that, if there was a search in this case it was not an unreasonable one. No question was raised as to the seizure of the whisky being unlawful. The liquor was not introduced in evidence, and no motion was made for its return. This assignment of error must therefore be overruled.

The next error assigned questions the validity of section 3 of the act, which makes a second violation of its provisions a felony.

The defendant was only indicted for a misdemeanor and for a first offense, and was not therefore affected by the third provision of the act, and is therefore in no position to question its validity.

The act says, furthermore, that the substance and principal object of the act is contained in sections 1 and 2, and the fact that some other part is invalid is not to affect said sections. It is apparent therefore, that the legislature would have passed said act with section 3 omitted.

The statement of Mr. Justice SHIELDS in *Richardson* v. *Young,* 122 Tenn., 523, 125 S. W., 676, is applicable here, and is as follows: "In *Reelfoot Lake Levee Dist.* v. *Dawson,* 97 Tenn., 179, 36 S. W., 1048, 34 L. R. A., 725, CALDWELL, J., said:

" 'It is not every act with unconstitutional provisions that must fail *in toto.* If, notwithstanding and without such provisions, there be left enough for a complete law, capable of enforcement and fairly answering the object of

its passage, the courts will reject only the void parts and enforce the residue.'

"This principle is well established. *Tillman* v. *Cocke*, 9 Baxt., 429; *State* v. *Trewhitt*, 113 Tenn., 561, 82 S. W., 480; *Turnpike Co.* v. *Telephone Co.*, 118 Tenn., 88, 92, 99 S. W., 373."

For the reasons set forth above, we find no error in the judgment of the criminal court, and it will be affirmed, with costs.