**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth JACKSON, Defendant-Appellant.**

**No. 18538.**

United States Court of Appeals
Sixth Circuit.

April 11, 1969.

Lawrence V. Cregan (court appointed) Youngstown, Ohio, for appellant.

Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, for appellee; Bernard J. Stuplinski, U. S. Atty., Cleveland, Ohio, on brief.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Appellant, Kenneth Jackson, was caught "red handed," along with Earl Watson and Carl Gibson, while breaking into a United States post office with intent to commit larceny, in violation of 18 U.S.C. § 2115. Appellant's claim of reversible error arises from the District Judge's denial of his motion for a severance made before a jury was sworn to try the three defendants together under a single count indictment. On making the motion, appellant's attorney advised the judge of the likelihood that Gibson would testify and implicate appellant.

The three defendants were arrested when police, having been alerted by guards at a nearby industry, discovered them inside the post office and routed

them with tear gas. Burglar tools were found both inside and outside the building. At trial, Gibson recited a fanciful story that he, the appellant Jackson, and the codefendant Watson had been drinking together earlier in the evening; that he had left them and while walking home he observed their automobile parked in the post office lot and saw them in the post office. He said that he then entered the post office to persuade them to come out.

Appellant Jackson did not testify in his own defense. Gibson's testimony implicated Jackson and was damaging in that it placed him at the scene of the crime. This testimony, however, was merely corroborative of that of the officers who caught Jackson "in the act," and the officers' testimony would have been admissible at a separate trial.

▊ The granting or denying of a motion for severance is generally a matter within the discretion of the trial judge. Rule 14, Federal Rules of Criminal Procedure; Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). We have consistently adhered to such rule. Sharp v. United States, 195 F.2d 997, 999 (6th Cir. 1952); Bullock v. United States, 265 F.2d 683, 689 (6th Cir. 1959), cert. denied, 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed.2d 1260 (1959); United States v. Vida, 370 F.2d 759, 765 (6th Cir. 1966), cert. denied, 387 U.S. 910, 87 S.Ct. 1695, 18 L.Ed.2d 630 (1967); United States v. Armel, 384 F.2d 51, 53 (6th Cir. 1967), cert. denied, 390 U.S. 944, 88 S.Ct. 1028, 19 L.Ed.2d 1132 (1968). "In the absence of an affirmative showing of abuse of such discretion, a refusal of severance is not assignable as error." United States v. Carter, 311 F.2d 934, 944 (6th Cir. 1963). Under the circumstances of this case, we hold that there was no abuse of discretion.

Since the trial of this case, the Supreme Court's opinion in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), has been announced and its rule was made retroactive by Roberts v. Russell, 392 U.S. 293,

88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). *Bruton* held that the admission, at a joint trial, of a defendant's extra-judicial confession implicating a codefendant violated the codefendant's right of confrontation and cross-examination secured to him by the Sixth Amendment. Here, however, the statement of codefendant Gibson implicating Jackson in the criminal operation was made from the witness stand at which time Jackson had full opportunity for confrontation and cross-examination.

Judgment affirmed.