**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard William VAUGHN, Sherman Buckley Peterson, Juan Alberto Ramos, Defendants-Appellants.**

**Nos. 19503–19505.**

United States Court of Appeals Sixth Circuit.

Jan. 22, 1970.

B. Bruce Guthrie (Court appointed), Chattanooga, Tenn., for appellant Vaughn.

Robert J. Shockey (Court-appointed), Chattanooga, Tenn., for appellant Peterson.

Maurice R. Bowen, Jr. (Court appointed), Chattanooga, Tenn., for appellant Ramos.

Robert E. Simpson, Knoxville, Tenn., for appellee; John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and WEICK and McCREE, Circuit Judges.

PER CURIAM.

Appellants Vaughn, Peterson and Ramos were charged in a five count indictment with conspiring to transport, receive and conceal stolen motor vehicles in violation of 18 U.S.C. § 371 and with the substantive offenses of transporting and

receiving and concealing stolen motor vehicles in violation of 18 U.S.C. §§ 2312 and 2313.` A jury found each of them guilty on all five counts, and they were given sentences of five years on each count (Vaughn), three years on each count (Peterson) and two years on each count (Ramos), all of the sentences to run concurrently.

The indictment was based on a scheme devised by the defendants in which they initially adopted aliases and used credit cards issued to fictitious names to rent cars in certain northern states. Then they transported the cars to southern states where they obtained license plates, certificates of registration and bills of sale by selling the cars to one another. Using the fraudulently obtained documents as proof of ownership, Vaughn then attempted to sell one of the stolen cars to a legitimate used car salesman in Chattanooga, Tennessee. However, the salesman discovered that the car was a stolen vehicle and the authorities, after being informed of this, apprehended the defendants while they were still in the Chattanooga area.

 On appeal, Vaughn contends, *inter alia,* that the District Judge erred when he refused to grant his motion for a severance because of a local newspaper article which erroneously stated that Vaughn's co-defendants had pled guilty. Motions for severance are addressed to the discretion of the trial judge. Rule 14, Fed.R.Crim.P. *See* Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Jackson, 409 F.2d 8, 9 (6th Cir. 1969). In the present case, Vaughn does not contend that the jurors who were seated had read the article,[1] and we conclude that it was not an abuse of discretion to deny his motion. We also conclude that Vaughn's other objections are without merit.

Ramos also contends that the District Judge erred by refusing to sever his case, but he offers a different reason. Relying on United States v. Echeles, 352 F.2d 892 (7th Cir. 1965), he contends that co-defendant Vaughn would have given exculpatory testimony in his behalf at a separate trial, but that Vaughn would, and did, invoke his fifth amendment privilege at a joint trial. In the Seventh Circuit case, Echeles was charged with suborning perjury, impeding the administration of justice and conspiring to commit these offenses. The only effective defense available to him was based on the exculpatory statements of a co-defendant whom he was accused of having suborned. This co-defendant was willing to testify that Echeles had not been involved in procuring the perjured testimony. Moreover, the willing co-defendant had already made similar exculpatory statements at a previous trial while under oath. The court held that under these circumstances it was an abuse of discretion to deny Echeles' motion for a severance of his case. However, the court also observed that the general rule is "that persons jointly indicted should be tried together, * * * particularly * * * where the indictment charges a conspiracy * * *." 352 F.2d at 896.

· In the present case, the District Judge conducted an *in camera* hearing prior to the trial and decided that Ramos

---

1. The article stated:

> **2 Men Plead Guilty To Auto Theft Charge.**
>
> Three defendants charged with violating the National Motor Vehicle Theft Act appeared Thursday before U. S. Dist. Judge Frank W. Wilson for arraignment, at which *two pleaded guilty* and the third was given until Monday to enter a plea.
>
> *Sherman Buckley Peterson and Juan Alberto Ramos, Jr. entered the not-guilty pleas.* Judge Wilson set their trial for Dec. 30. Robert Shockley represented Peterson and Maurice Bowen appeared for Ramos.
>
> Bruce Guthrie, attorney for the third defendant, Richard William Vaughn, told Judge Wilson he wanted more time to examine the indictment. Judge Wilson passed the arraignment until Monday at noon. (emphasis added).

In light of the contradiction in the article itself with regard to the pleas entered by Peterson and Ramos, it is questionable whether a reader would have thought they in fact had pled guilty.

failed to make an adequate showing of prejudice to justify disregarding the general rule favoring a joint trial for persons jointly indicted. Again, we conclude that his ruling was not an abuse of discretion. *See* Opper v. United States, *supra;* United States v. Jackson, *supra.*

Peterson contends that his arrest was unlawful and that it was error to deny his motion to suppress the incriminating statements and other evidence obtained immediately after the arrest. The arrest was not made pursuant to a warrant and the issue is whether the arresting officer had probable cause. We have reviewed the relevant portions of the trial transcript and we conclude that, at the time of the arrest, the officer did have probable cause. In light of Ramos' conduct just prior to Peterson's arrest, the officer certainly was justified in his belief that an offense had been committed, and we find that his belief that Peterson was connected with the commission of the offense also was justified under the circumstances. *Cf.* Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959).

Affirmed,