**Daniel A. STANFORD, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 15, 1976.

Certiorari Denied by Supreme Court
Sept. 7, 1976.

Ronald D. Krelstein, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Advocate Gen., Nashville, Waymon Fred Axley, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

WALKER, Presiding Judge.

The appellant, Daniel A. Stanford, Jr., appeals in error from his conviction in his nonjury trial December 12, 1975, for possession of a controlled substance, marijuana. The trial judge imposed punishment of a fine of $50 and ten days in jail. The sole assignment of error contends the court erred in overruling the appellant's plea in abatement. By this he urges that the entry of an order nolle prosequi in the municipal court of the City of Memphis and his subsequent indictment and trial were unlawful.

The facts for the trial judge's consideration on the plea in abatement were stipulated. The appellant was arrested September 24, 1974, for unlawful possession of mari-

juana. He was arraigned in municipal court and his case was set for trial February 5, 1975. His attorney notified the prosecutor that there would be a trial on the merits. He appeared that day with his witnesses and executed a written waiver of his rights, waiving indictment and jury trial. At that time the city prosecutor moved the court to enter an order nolle prosequi without stating his reasons for it. The appellant objected and asked the court to require the prosecutor to state his reasons for entering the order nolle prosequi.

The city judge granted the request for a nolle prosequi without any proof being heard and without any witnesses being sworn. (The stipulation does not say whether or not the prosecutor in fact gave any reasons before the court granted his motion.)

The stipulation continues to show that on March 21, 1975, the grand jury returned an indictment for unlawful possession of a controlled substance which indictment arose out of the arrest of September 24, 1974, and was for the same offense for which the nolle prosequi was entered.

■ The plea in abatement charges that the dismissal of the municipal court prosecution and the subsequent indictment deprived the appellant of his right to a speedy trial and to due process of law under Article I, Section 9 of the Tennessee Constitution, and the sixth and 14th amendments to the United States Constitution.

In his contention that his right to a speedy trial was denied, the appellant relies on *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). There a nolle prosequi was entered over Klopfer's objection with leave to reinstate the prosecution. He had been indicted, a mistrial had resulted and the case had been continued another term. Eighteen months after indictment the prosecutor entered a nolle prosequi the effect of which was to place Klopfer in legal limbo unable to obtain a dismissal or to have the case restored to the calendar for trial.

In the case before us, the length of delay between the initial arrest and the entry of the nolle prosequi was approximately five months. The appellant was promptly indicted within six weeks after the dismissal. There was no suspension of proceedings as a result of the nolle prosequi as in *Klopfer*. The prompt indictment distinguishes this case from *Klopfer*. The appellant's right to a speedy trial was not denied him.

■ Although the plea in abatement does not raise the question of double jeopardy, the appellant's brief urges it. The witnesses were not sworn and jeopardy had not attached in the municipal court. *State v. Daniels*, Tenn.Cr.App., 531 S.W.2d 795 (1975).

The plea in abatement and the stipulations do not set out grounds for due process violations.

Chapter 62, Public Acts of 1971, confers jurisdiction on municipal courts in counties having a population over 600,000 to try misdemeanors on pleas of guilty and on waiver of indictment or presentment.

After an indictment is found, no criminal prosecution can be dismissed, discontinued or abandoned without leave of the court. TCA 40–2101. Although the statute is directed to cases after indictment, in *State v. D'Anna*, Tenn.Cr.App., 506 S.W.2d 200, we considered the dismissal of an arrest warrant by entry of an order nolle prosequi in the general sessions court on application of the district attorney general. We held that whether to enter an order nolle prosequi and dismiss a criminal case was up to the district attorney general and the court. After such an order, the state, acting through its district attorney general, had the unquestioned right to commence new prosecutions.

Here the municipal judge by granting the motion assented to the dismissal of the prosecution in his court. The record shows no error in his dismissal or the subsequent prosecution.

■ The appellant argues that the prosecutor was unethical and violated American Bar Association Standards Relating to the

Prosecution Function in dismissing the municipal court prosecution and indicting the appellant. The record does not sustain these claims.

The trial court did not err in dismissing the plea in abatement.

Affirmed.

DWYER and O'BRIEN, JJ., concur.