George DELAY and Samuel Johnson, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 25, 1977.

Certiorari Denied by Supreme Court Feb. 20, 1978.

Rehearing Denied April 3, 1978.

Roger E. Jenne, Cleveland, for Delay.

Carter H. Schoolfield, Chattanooga, for Johnson.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

WALKER, Presiding Judge.

The appellant George Delay was convicted of concealing stolen property over $100 in value and sentenced to three to six years' imprisonment. The appellant Samuel Johnson was convicted of receiving stolen property over $100 in value and given three to six years' punishment. However, Johnson was then found guilty of being an habitual criminal and sentenced to life imprisonment.

■ Both appellants contend the court erred in overruling their pleas of former jeopardy.

The court dismissed an earlier indictment against appellants because the state was not ready for trial. When announcing the dismissal, the trial judge said, "Let a not guilty go down in these cases." The appellants argue that they were thereby acquitted and that reprosecution violated the double jeopardy provision.

However, the appellants were never in jeopardy at the dismissal hearing. No jury was impaneled and sworn, nor was any evidence presented, hence jeopardy never attached. Therefore, the court was without authority to acquit appellants for double jeopardy purposes and any language of the judge to that effect was without consequence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

On November 3, 1973, officers observed Johnson and his brother drive a truck into a lot surrounding the business building of Delay's auto salvage yard. The Johnsons un-

loaded a stolen truck cab from their truck and placed it on the lot near other vehicles. Delay then approached the Johnsons and the three talked. The truck bed matching the stolen cab was also on the lot. On the following day, the appellants were arrested and the cab seized.

■ Delay attacks the evidence, arguing that he neither unloaded the cab or owned the open lot. However, from the presence of salvaged vehicles on the lot, the jury could have concluded that Delay was using the lot for business purposes and had its possession. The jury could then infer possession of the cab from possession of the lot. *Armstrong v. State,* Tenn.Cr.App., 548 S.W.2d 334 (1976). It could find guilty knowledge from that possession. *Turner v. State,* Tenn., 541 S.W.2d 398 (1976). This evidence is sufficient.

■ Delay also argues that the seizure of the stolen cab from the open lot was illegal because the warrant inaccurately described the premises to be searched.

No warrant was necessary. The lot was an open area in which Delay exhibited no expectation of privacy. Indeed, Delay disclaimed any interest at trial by showing that the lot was owned by TVA. The public was not excluded from the premises and officers observed appellants' activities from without the premises where they had a right to be. Consequently, the "open fields" exception to the Fourth Amendment sustains the seizure. *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). See also *G. M. Leasing Corporation v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977).

■ Delay argues that the dismissal of the indictment and the subsequent reindictment violated his speedy trial rights. Dismissal was ordered November 26, 1975, reindictment was returned June 28, 1976, and trial held September 3, 1976. Delay contends the seven months' delay between dismissal and reindictment resulted in a violation of his speedy trial right.

*Stanford v. State,* Tenn.Cr.App., 541 S.W.2d 805 (1976), involved a six-week interval between dismissal and indictment. It withstood constitutional attack. Although the case before us involves a seven-month interval, we hold that violated no speedy trial right. Delay did not raise this question at trial and has shown no prejudice during the interval.

■ Delay complains that an officer testified the appellants were engaged in a "stripping operation" when arrested. The trial judge's prompt approval of his objection dissipated any prejudice. *State v. Manning,* Tenn., 490 S.W.2d 512 (1973).

The trial judge's charge on the law was adequate and he did not err in refusing Delay's special request.

■ Delay argues he should have been granted a severance so his codefendant could exculpate him. The codefendant's affidavit merely says that his evidence would "tend to exculpate" Delay. This conclusion, unsupported by any factual statements, is much too vague to have probative effect. Consequently, the denial of a severance was no abuse of discretion. *Helton v. State,* Tenn.Cr.App., 530 S.W.2d 781 (1975); *United States v. Vaughan,* 422 F.2d 812 (6th Cir. 1970).

■ Johnson complains that the court refused his offer of proof. During the habitual criminal trial, he sought to show by his wife his present good behavior. This was not error. The only issue at this trial was the validity of Johnson's prior convictions.

■ Delay says the court permitted the jury to deliberate in open court. When the jury returned its verdict, it announced only a minimum but not a maximum sentence had been reached. The court then polled the jury to find the area of disagreement and promptly returned it to the jury room for further deliberations, whereupon a complete verdict was rendered. This procedure did not constitute jury deliberation in open court.

Johnson argues that his three prior "receiving and concealing" convictions are not infamous crimes and therefore cannot be considered as the basis for his habitual criminal conviction.

Infamous crimes, except petit larceny, are considered on an accusation of habitual criminality. TCA 40–2801. Of course, TCA 40–2712 makes receiving stolen property an infamous crime but is silent on concealing stolen property. In addition, receiving and concealing stolen property are separate crimes. *Jones v. State,* 219 Tenn. 228, 409 S.W.2d 169 (1966).

Johnson argues that he must be given the benefit of the doubt that the jury only convicted him of concealing stolen property. There is no doubt that Johnson received the car which resulted in his federal conviction in 1968 since he was also convicted of transporting that same car.

At the time *Jones* was decided, the receiving statute (TCA 39–4217) described the offense as either receiving or buying or concealing stolen property. *Jones,* supra, at 234, 409 S.W.2d 169. The disjunctive "or" suggests that receiving, buying or concealing were merely different descriptions of one offense, rather than separate offenses. This conclusion is consistent with *O'Brien v. State,* 205 Tenn. 405, 326 S.W.2d 759 (1959), which referred to "receiving and concealing" as one offense.

Against this background, the failure of TCA 40–2712 to provide separately for concealing as an infamous crime was not due to the determination that it should not be made infamous, but that receiving and concealing was one crime and that the listing of receiving was sufficient notice to defendants. Further listing would have been redundant. Thus, until *Jones* separated the offenses, the infamy statute covered the offense of receiving and concealing. Inasmuch as Johnson's state convictions occurred prior to *Jones,* he cannot claim its benefits.

All assignments are overruled and the judgments are affirmed.

DWYER and TATUM, JJ., concur.