**STATE of Tennessee, Appellee,**

v.

**William R. JOHNSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 9, 1985.

Permission to Appeal Denied by Supreme Court Oct. 28, 1985.

W.J. Michael Cody, Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Thomas M. Bottoms, Dist. Atty. Gen., Lawrenceburg, Robert W. Sands, Richard H. Dunavant, Asst. Dist. Attys. Gen., Pulaski, for appellee.

Rogers N. Hays (trial), Jerry W. Wallace (appeal), Pulaski, for appellant.

## OPINION

WALKER, Presiding Judge.

The Giles County grand jury indicted the defendant and Bobby Miller for possession of marijuana with intent to sell. It also indicted the defendant separately for possession of a dangerous weapon with intent to go armed. In addition, it charged him with driving while under the influence of an intoxicant and with two counts of vehicular homicide.

The trial judge consolidated for trial the indictments for possession of marijuana and carrying weapons. On his trial, the jury found the codefendant not guilty, but found the defendant guilty of possession of marijuana with intent to sell and recommended a fine of $3000. The trial judge sentenced him to two years in the penitentiary, plus the fine of $3000. The jury also found the defendant guilty of possession of a dangerous weapon with intent to go armed and recommended a fine of $1000. For that offense the trial judge sentenced him to 11 months and 29 days in jail, plus the fine of $1000. The trial judge ordered that the sentences be served concurrently.

On his appeal, the defendant insists that the court erred by (1) denying the defendant's motion to suppress evidence seized from his vehicle and from his person; (2) in denying his motion to sever his case from that of his codefendant; and (3) in holding that the chain of custody of the marijuana had not been broken and in admitting it into evidence.

We find no merit in these issues and affirm the judgment.

Although the defendant does not challenge the sufficiency of the evidence, we will outline it briefly.

At about 9:30 p.m. on November 25, 1982, the defendant drove his automobile on Highway 31 in Pulaski with Sharon Bryant and codefendant Bobby Miller as passengers. He lost control of his vehicle, struck a utility pole and went down an embankment. His car overturned.

Officer Porter Thomas was the first to arrive at the scene, but he is no longer with the police department and could not be found to testify.

After the accident, the rescue squad soon arrived and assisted codefendant Bobby Miller out of the upside-down vehicle. The rescue squad then tied a rope around the car to prevent it from sliding further down the embankment and removed the defendant and the female passenger from the vehicle. A wrecker righted the car and pulled it back onto the roadway.

There was conflicting testimony as to when, but at some point the trunk of the car sprung open 12 to 16 inches and the trunk light came on. Officers saw five plastic bags, one of which was torn, and green plant material. Officers Adams and Barnes testified the material appeared to be marijuana and smelled like marijuana.

Before inventorying the vehicle for towing, the five bags were taken from the trunk and placed in Lieutenant Barnes' patrol car. Another officer guarded the locked patrol car.

The defendant was taken to the hospital along with the codefendant and the female passenger who was pronounced dead on arrival. While in the emergency room, at the direction of Lieutenant Barnes, Offi-

cers Thomas and Porterfield removed a loaded .22 caliber pistol from the defendant's right rear pocket.

The defendant did not testify or offer any proof.

We first examine the defendant's claim that the evidence of the marijuana and the pistol should have been excluded.

Before trial the defendant filed a motion, in general terms, to suppress evidence seized as a result of the search of the defendant and his vehicle because there was no warrant or search warrant, the defendant was arrested without probable cause that a felony had been committed or observation of a misdemeanor in the presence of the officer, and the search of the vehicle was not in an area within the immediate control of the defendant.

In his motion the defendant did not identify what items he sought to suppress.

At the hearing on the motion to suppress, the defendant read his motion and offered no proof or argument in support of the motion.

The trial judge held that the burden was on the defendant to show an unlawful seizure. He relied on 2 Wharton's *Criminal Procedure*, § 360, page 301 (1975), to the effect that, on pretrial motions, the burden of proving that the search and seizure was unlawful is on the defendant. With his ruling, the state offered no proof, and the trial judge denied the motion.

■ We think that the defendant had the burden of going forward with the evidence, at least to the extent of identifying the items he sought to suppress, but that the ultimate burden of proof for a warrantless search is on the prosecution. In *State v. Crabtree*, 655 S.W.2d 173, 179 (Tenn.Cr. App.1983), we held that the burden of proof is on the prosecution in warrantless searches. See also *State v. Lakin*, 588 S.W.2d 544 (Tenn.1979); *Hughes v. State*, 588 S.W.2d 296 (Tenn.1979); W. LaFave, *Search and Seizure*, § 11.2(b) (1978).

The state contends that in spite of the erroneous reasoning of the trial court his ruling was correct. From the state's proof at trial, we agree with the trial judge's conclusion at the motion to suppress that the evidence was admissible.

Traditionally, "plain view" denotes an extension of a prior valid search and is distinguishable from a "look" or "open view." As the supreme court held in *State v. Byerley*, 635 S.W.2d 511 (Tenn.1982): "There is a clear distinction between a look and a search. Whereas a search is afforded all the Fourth Amendment protections, a look of a non-*Coolidge* type [*Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)] includes those observations which are clearly visible, readily observable and open to public gaze." Id. at 513.

■ The officers were assisting the defendant after an accident, and when the vehicle was righted onto its wheels, the trunk sprung open revealing the contraband. This is not a search. See *State v. Mays*, 667 S.W.2d 512 (Tenn.Cr.App.1983) [observation of a stolen stickpin through car windshield, held to be a "look"]; *State v. Layne*, 623 S.W.2d 629 (Tenn.Cr.App. 1981) [helicopter fly-over of a farm growing marijuana, held to be "open view"]; *Effler v. State*, 508 S.W.2d 809 (Tenn.Cr. App.1974) [officers, finding a car in the road, looked into the car and saw ripped-open stolen Christmas presents, held to be a "look."]

When law enforcement officers are in a place where they have a right to be and observe criminal activity, which is clearly recognizable as such, the "open view" exception arises. *State v. Layne*, supra. The marijuana was properly admitted into evidence.

■ At the hospital emergency room, we think that the officers had probable cause to arrest the defendant without a warrant. In addition, he was cursing and was loud and boisterous. Lieutenant Barnes had information from a highway patrolman that the defendant frequently went armed. The pistol was properly taken and introduced into evidence.

When an arrest is made, it is reasonable for an officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969).

Regardless of whether or not the defendant was in custody at the time, his search was constitutionally justified by probable cause to believe that he was armed, coupled with exigent circumstances inherent in the fact that he could use the weapon or secrete it from the police before they could obtain a warrant. See *Commonwealth v. Skea*, 18 Mass.App. 685, 470 N.E.2d 385 (1984). It was not necessary to obtain a search warrant or an arrest warrant to remove the pistol from the defendant's pocket, and it was properly admitted into evidence.

■ In his second issue, the defendant asserts that the trial judge erred in failing to sever his case from that of his codefendant Bobby Miller. The severance of cases is within the sound discretion of the trial court. *Helton v. State*, 530 S.W.2d 781 (Tenn.Cr.App.1975). The defendant argues his codefendant Bobby Miller would testify if the cases were not tried together and that failure to sever prejudiced his case. This issue was discussed in *Delay v. State*, 563 S.W.2d 905 (Tenn.Cr.App.1977), where the defendant maintained he should have been granted a severance so his codefendant could exculpate him. "This conclusion, unsupported by any factual statements, is much too vague to have a probative effect. Consequently, the denial was no abuse of discretion." Id. at 907.

■ The defendant's third issue is that the chain of custody was broken, and the trial court erred in admitting the marijuana into evidence. The proof showed that the marijuana was taken from the defendant's car and placed in a guarded, locked patrol car until it was removed and placed on a desk in the criminal investigation office, which was locked. The next morning Lieutenant Barnes noticed the marijuana had not been disturbed and gave it to Detective White, who placed the five bags in one larger bag and initialed it. That bag was put in the lock-up room until transported to the Tennnessee Bureau of Investigation crime laboratory for analysis. The records of the laboratory state that the evidence was received December 9, 1982, and tested December 15, 1982. Detective White first testified he transported the evidence December 15, 1982, but later testified he could not recall the exact date of transport.

This issue is also a matter within the court's discretion and will not be overturned in the absence of a clearly mistaken exercise of it. *Wade v. State*, 529 S.W.2d 739 (Tenn.Cr.App.1975); *Ritter v. State*, 3 Tenn.Cr.App. 372, 462 S.W.2d 247 (1970). There was ample proof to admit the evidence as the crime laboratory report contains the correct case number from the Pulaski Police Department and all witnesses who came in contact with the marijuana testified that it appeared to be the same material which they handled and which was confiscated.

The judgment is affirmed.

CORNELIUS and SCOTT, JJ., concur.