**STATE of Tennessee, Appellee,**

v.

**Amos VINCENT, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 24, 1987.

Norma Crippen Ballard, Asst. Atty. Gen., Roger D. Moore, Asst. Dist. Atty. Gen., for appellee.

Lloyd R. Tatum, Henderson, Tenn., for appellant.

## OPINION

BIRCH, Judge.

In this appeal, we are asked to decide whether the provisions of Tennessee Code Annotated § 39–6–922 (1982) can be the basis for a warrantless search and seizure by an arresting officer which would otherwise be deemed unconstitutional. We think not.

The suppression motion was overruled by the trial court. A Rule 11(e), Tennessee Rules of Criminal Procedure, plea of guilty was entered, reserving the suppression question. Thus it comes to us certified as a question of law, pursuant to Rule 37(b)(2)(i), Tennessee Rules of Criminal Procedure.

Barry Jones, working in an undercover capacity for the Alcoholic Beverage Commission, made a buy of a half-pint of liquor from the defendant, Amos Vincent, while in Vincent's home. Some five days later, Jones returned there and purchased another half-pint of liquor. He then arrested Vincent on a warrant resulting from the first buy. Vincent was restricted to the den of his residence while Jones and officers searched other areas of his home. Beneath the bottom drawer of a dresser in defendant's bedroom Agent Jones discover-

ed twenty-four half-pints of liquor. The bedroom was some distance from the room in which the defendant was arrested and detained.

Tennessee Code Annotated § 39–6–922 (1982) provides:

Seizure of Liquor—Powers of Arresting Officer.—Whenever process requiring the arrest of any person, for a violation of § 39–6–921, shall be placed in the hands of any officer, it shall be the duty of such officer upon making the arrest to seize all intoxicating liquors found in the possession of such person or his place of business or the place of business of any corporation of which he may be an officer or agent and to hold the same until the person arrested shall have been tried and convicted or acquitted. To this end said officer is authorized and it is made his duty, when making the arrest to search said place of business.

This statute was upheld in *Baker v. State*, 147 Tenn. 421, 248 S.W. 548 (1922). In *Baker*, however, the officers did have a warrant to search and seize.

■ It is well-settled under the Fourth Amendment to the United States Constitution and state law that a warrantless search is presumptively invalid and unreasonable. *McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948); *Fuqua v. Armour*, 543 S.W.2d 64 (Tenn. 1976); and *State v. Johnson*, 705 S.W.2d 681 (Tenn.Crim.App.1985). A search without a warrant will be upheld only if it falls within one of the several narrowly-recognized exceptions, such as hot pursuit, exi-

gent circumstances, or search conducted incident to arrest. *See generally, Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Here, none of the recognized exceptions apply. The police were not in hot pursuit, there were no exigent circumstances, and the seizure occurred in an area of the house too remote from the defendant's place of arrest to be considered incident to it. See *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

■ We have decided this case upon a narrow application of facts to existing law. Thus we do not reach the question of the constitutionality of Tennessee Code Annotated § 39–6–922 (1982), which must be construed *in pari materia* with that large body of search and seizure law developed since its enactment.

A thorough review of the record in this case fails to uncover any evidence whatsoever which would justify the search as conducted in this case. The order of the trial court overruling the defendant's motion to suppress is, therefore, reversed, and this case is dismissed.

DWYER and DAUGHTREY, JJ., concur.