STATE of Tennessee, Appellee,

v.

Angela MOORE, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

March 20, 1997.

No Permission to Appeal Applied
for to the Supreme Court.

Joe H. Walker, Public Defender, Walter B. Johnson, II, Assistant Public Defender, Harriman, for Appellant.

John Knox Walkup, Attorney General, Hunt S. Brown, Assistant Attorney General, Nashville, Charles Hawk, District Attorney General, Roger Delp, Assistant District Attorney General, Kingston, for Appellee.

## OPINION

TIPTON, Judge.

The defendant, Angela Moore, was convicted upon her plea of guilty in the Roane County Criminal Court of the offense of simple possession of cocaine, a Class A misdemeanor. She received a suspended sentence of eleven months and twenty-nine days and a fine of seven hundred and fifty dollars. She appeals as of right upon a certified question of law that is dispositive of this case. *See* T.R.A.P. 3(b); Tenn.R.Crim.P. 37(b). She contends that the trial court erred by denying her motion to suppress cocaine and a pipe that was seized from her in violation of her Fourth Amendment rights. In support, she argues that the police stopped her without having reasonable suspicion to believe that she had committed a crime and then unreasonably searched her pockets. We conclude that the defendant's Fourth Amend-

ment rights were not violated and affirm the decision of the trial court.

Roane County Deputy Sheriff Jack Stockton testified that he worked for the Harriman Police Department on September 29, 1993, and conducted surveillance of a house where drugs were reportedly being distributed. While conducting the surveillance, he saw a car drop the defendant off in the street in front of the house. He said that the defendant entered the house for a couple of minutes and then returned to the street. He said that the defendant was standing in the middle of the road and that he thought she saw him. He recalled that he decided to approach the defendant to get her out of the way before the people in the house discovered the surveillance. He said that he shined his flashlight on her as he was approaching her and that he noticed a shiny object in her right front pocket. He admitted that he did not know what the object was immediately, but when he got close to her, he recognized that it was a pipe used to smoke crack cocaine. He said that the defendant was nervous and fidgety and that he grabbed the object from her pocket and then frisked her. He recalled finding a small piece of crack cocaine in her pocket. He said that after he took the pipe and cocaine from the defendant, her ride arrived, and he allowed her to leave. Approximately twenty days later, Officer Stockton obtained a warrant against the defendant for possession of cocaine.

On cross-examination, Officer Stockton admitted that he did not stop any of the other people he had seen enter and leave the house that night and reiterated that he approached the defendant because she was a threat to his surveillance. He recalled that the pipe was sticking out of her pocket an inch when he noticed it. He admitted that he first thought that the shiny object was a weapon and that he realized it was a pipe used to smoke crack cocaine when he frisked her. However, he also stated that he recognized that the object was used to smoke crack cocaine when he got close enough to the defendant. The officer testified that, after he confiscated the pipe, he continued to search the defendant for drugs, not for weapons.

On redirect examination, Officer Stockton clarified that he removed the pipe from the defendant's pocket because he recognized what it was when he approached her. During recross examination, the officer testified that he did not recall whether he told the defendant to stop when he approached her but said that he ran up to her and that she knew she could not go anywhere because she knew who he was and that he wanted her.

The trial court overruled the defendant's motion to suppress and made the following findings:

> That the Police Officials were justified in approaching defendant under the circumstances set out in the hearing, and that upon seeing what was known to the officer as a 'crack pipe' protruding from defendant's pocket, were justified in seizing the pipe. This all occurred outside a residence known to the officers as a 'crack house', and which the officers had under surveillance at the time. The search of the defendant's pocket on this occasion produced what was later identified by the State Laboratory as cocaine. This search of the defendant's pocket under the circumstances as set out in the motion hearing was justified.

On appeal, the trial court's findings of fact on a motion to suppress are conclusive unless the evidence preponderates against them. *State v. Binion,* 900 S.W.2d 702, 704 (Tenn. Crim.App.1994).

The defendant contends that the trial court should have granted her motion to suppress because Officer Stockton stopped her without a reasonable suspicion supported by specific and articulable facts and then unreasonably searched her pockets for drugs. With respect to the defendant's contention that she was seized in violation of the Fourth Amendment, we note that to make a constitutionally reasonable stop or seizure, an officer must, at least, have a reasonable suspicion based upon specific articulable facts that a criminal offense has been or is about to be committed. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Watkins,* 827 S.W.2d 293, 294 (Tenn.1992).

However, "not all personal intercourse between policemen and citizens in-

volves 'seizures' of persons." *Terry,* 392 U.S. at 20 n. 16, 88 S.Ct. at 1879 n.16. For a person to be seized within the meaning of the Fourth Amendment, the circumstances surrounding the incident must be such that "a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (footnote omitted); *State v. Moore,* 776 S.W.2d 933, 937 (Tenn.1989). An officer does not commit a seizure within the meaning of the Fourth Amendment by merely approaching a person who is in a public place. *Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983); *Moore,* 776 S.W.2d at 938.

Because the defendant was standing in the middle of a public street, the Fourth Amendment did not require Officer Stockton to have a reasonable suspicion to approach her. Once he was close to the defendant, he was justified in detaining her because he recognized that the object protruding from her pocket was a crack pipe, i.e., drug paraphernalia. *See* T.C.A. § 39–17–425.

The defendant argues that the search of her pockets for drugs violated her Fourth Amendment rights because the search went beyond that which is permitted under *Terry.* Although we agree with the defendant that the search was more intrusive than is allowed under *Terry,*[1] we conclude that the search did not violate her Fourth Amendment rights.

Officer Stockton saw the defendant enter and leave a house where he believed cocaine was being sold. While she was standing in the middle of a public street, he approached her and observed a crack pipe sticking out of her pocket. When Officer Stockton saw the pipe, he had probable cause to arrest the defendant for possession of drug paraphernalia, *see* T.C.A. § 39–17–425, and probable cause to believe that the defendant possessed cocaine. Although Officer Stockton could have arrested the defendant once he saw the pipe, he was not obligated to do so. However, he was still entitled to detain and search her under the circumstances in this case.

A warrantless search conducted pursuant to probable cause and exigent circumstances does not violate the Fourth Amendment. *Cupp v. Murphy,* 412 U.S. 291, 296, 93 S.Ct. 2000, 2004, 36 L.Ed.2d 900 (1973); *State v. Johnson,* 705 S.W.2d 681, 684 (Tenn. Crim.App.1985). Concerned about the surveillance he was conducting, Officer Stockton chose not to take the defendant into custody immediately. Instead, he searched the defendant, securing the pipe and cocaine before she had the opportunity to dispose of them, and then released her. The search, based upon probable cause and exigent circumstances, was reasonable and did not violate the defendant's Fourth Amendment rights.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

WADE, J., and JOE D. DUNCAN, Special Judge, concur.

---

1. The sole justification for the pat-down search authorized in *Terry* "is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs or other hidden instruments for the assault of the police officer." *Terry,* 392 U.S. at 29, 88 S.Ct. at 1884. At the suppression hearing in this case, Officer Stockton denied that he was searching for weapons when he found the cocaine in the defendant's pocket. Instead, he said that he was searching for drugs.