JAMES FREDERICK JONES and RALPH LAYNE,
Plaintiffs-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

409 S.W.2d 169.

(*Nashville,* December Term, 1965.)

Opinion filed November 14, 1966.

WILLIAM M. ABLES, JR., South Pittsburg, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE CHATTIN, delivered the opinion of the Court.

Plaintiffs-in-error, James Frederick Jones and Ralph Layne, hereinafter referred to as the defendants, were jointly indicted with J. C. Campbell, alias Junior Mc-Cormick, in a two-count indictment. The first count charged the defendants with larceny of a body for a 1965 dump Chevrolet truck, the personal property of Arlis Leon Bell. The second count charged the defendants, "did fraudulently and feloniously buy, receive, conceal and aid in concealing said one body of 1965 Chevrolet truck

with the felonious intent to deprive the true owner thereof, and knowing the same to be feloniously taken and stolen * * *."

A severance was granted as to the defendant, J. C. Campbell, alias Junior McCormick.

The defendants were tried and convicted under the second count of the indictment. They were sentenced to a term of not more than three years in the State Penitentiary.

After their motion for a new trial was overruled, they perfected an appeal to this Court and have assigned errors.

The first assignment is the evidence preponderates against the verdict of the jury and in favor of their innocence.

▪ This assignment is formulated on the settled rule this Court will not reverse a criminal case on the facts unless it is shown the evidence preponderates against the verdict of guilt and in favor of the innocence of the accused. *Anderson v. State,* 207 Tenn. 486, 341 S.W.2d 385 (1960).

▪ The verdict of the jury, approved by the trial judge, accredited the testimony of the witnesses for the State, and established their credibility. It also displaced the presumption of defendants' innocence, raised the presumption of their guilt, and put upon them here the burden of showing the evidence preponderates against the verdict and in favor of their innocence. *Anderson v. State,* supra.

With this rule in mind, we consider the evidence. According to the witnesses for the State, a two-ton Chevro-

let truck was stolen from its owner, A. L. Bell, while parked in Hamilton County, Tennessee, on May 17, 1965. The cab and chassis of the truck were later found at a garage in Marion County, Tennessee. The truck bed was located at the McMinnville Iron and Steel Company in Warren County, Tennessee.

William A. Hill, operator of the Iron and Steel Company, testified that approximately two weeks prior to June 3, 1965, the defendants came to his place of business and discussed with him the possibility of his buying a truck bed from them. And on June 3, 1965, the defendants brought the stolen truck bed to his place and he paid them $300.00 for the truck bed.

He further testified the truck bed was worth much more than the amount he paid for it. That he made out two checks, one to Jones for $145.00 and one to Junior Mc-Cormick for $150.00. That Jones had purchased some parts and for that reason his check was in the amount of $145.00.

Charlie Young, an employee of the McMinnville Iron and Steel Company, testified he assisted the defendants unload the truck bed and on that occasion the defendant, Layne, told him he owned the truck bed.

The truck bed was identified by Mr. Bell as being on his truck which was stolen in Hamilton County.

Don Terry, an employee of a McMinnville bank, testified that he cashed the $145.00 check for the defendant, Jones. William H. Brown, a service station operator, testified that he cashed the $150.00 check made payable to Junior McCormick for the defendant, Layne.

The defendant, Jones, admitted he and the defendant, Layne, talked with Mr. Hill at his place of business and

that he told them he was interested in buying a large truck bed. That thereafter he contacted J. C. Campbell in Grundy County and arranged to purchase the truck bed which he and Layne sold to Hill.

He further testified the truck bed was loaded on a truck at the home of Campbell in Coalmont, Tennessee; and that he, Layne, J. C. Campbell and James Rollins brought the truck bed to McMinnville. He denied he knew the bed had been stolen, and denied he had told Kenneth Shelton he knew the truck had been stolen two days after its theft.

Kenneth Shelton, an agent of the Tennessee Bureau of Identification, testified in rebuttal that the defendant, Jones, had admitted to him that he knew the truck had been stolen two days after the theft occurred. He further testified that Jones told him four boys, whom he would not identify, had stolen the truck; that the motor and transmission had been removed from the truck; and that he knew the location of the motor and transmission, but he would not tell him where they were.

We think, from the proven facts and circumstances, we cannot say the evidence preponderates against the verdict of the jury. Under the facts, the jury was justified in finding the defendants received and concealed the property knowing it to have been stolen with the intent to deprive the true owner thereof.

It is next assigned as error the failure of the trial judge to sustain defendants' motion for a new trial on the ground the State had failed to prove Warren County was the proper venue; and that the trial judge erroneously charged the jury as to the proper venue.

It is insisted under the facts of the case the proper venue for the trial of the case was in Grundy County and not Warren County.

The trial judge charged the jury as follows:

"The receiving of stolen property is a distinct and independent felony from the original theft and the offense is complete in a county where the property was received with knowledge that it was stolen and where the receiver disposed of the property or conceals it with the intent to deprive the true owner of his property."

The defendants submitted, as a special request, the following:

"The offense is complete in the county where the property was received by the defendants with knowledge that it was stolen. Its removal again to another county does not create a second offense of receiving stolen property."

The trial judge refused to charge the special request because the general charge contained the request.

Defendants rely upon the case of *Roach v. State*, 45 Tenn. 39 (1867). In that case one Emanuel stole two bales of cotton in Williamson County. He delivered the cotton to Roach in Maury County, who received it, knowing at the time, that it had been stolen. About a month later the prosecutor was informed a wagon was passing his house in Williamson County with a bale of cotton. He stopped it. Mrs. Roach was in the wagon.

Roach was indicted for receiving stolen property in Williamson County and was convicted. This Court reversed, holding the offense of receiving the stolen

property, knowing it to have been stolen, with the intent to deprive the true owner thereof, was a distinct and independent felony and this offense was complete when Roach received the property in Maury County knowing it was stolen; and that the removal of the cotton to Williamson County did not constitute a separate offense of receiving stolen property.

The State insists the statute, under which the defendants were indicted, makes it a crime to conceal or aid in concealing stolen property, knowing it to have been stolen; and, for that reason, the charge as to venue by the trial judge was not erroneous.

We agree our statute, T.C.A. Section 39-4217, makes it an offense, not only to buy or receive; but, also, to conceal, or aid in concealing, the property, knowing it to have been stolen, with the intent to deprive the true owner thereof.

We quote the pertinent part of the statute:

"Every person who shall fraudulently receive or buy, conceal, or aid in concealing, any goods over the value of One Hundred Dollars ($100.00), feloniously taken or stolen from another, or goods obtained by robbery or burglary, knowing the same to have been so obtained, with the intent to deprive the true owner thereof * * *."

"The crime of concealing, or aiding in concealing, stolen property is an offense distinct from that of receiving stolen goods; and concealment is not an essential element of the offense of receiving or buying stolen goods. The concealing does not require an actual hiding or secreting of the property, but any acts which render its discovery difficult and prevent identification,

or which assist the thief in converting the property to his own use, are sufficient." 76 C.J.S. Receiving Stolen Goods sec. 7, page 10.

The evidence in this record is that the defendants received the property in Grundy County knowing it to have been stolen and with the intent to take it to Warren County to dispose of it and thereby deprive the owner thereof.

The import of the instruction is that the venue of the offense of receiving stolen property, knowing it to have been stolen, with the intent to deprive the owner thereof, is in either of the counties where the property is so received or the county in which it is disposed of or concealed.

Evidently, the trial judge considered the second count of the indictment as charging the defendants with the offense of receiving stolen property. We say this, not only from that portion of the charge we have quoted; but, also, from reading the entire charge. In other words, the trial judge referred to the offense as "receiving and concealing" stolen property.

T.C.A. Section 40-105 provides:

"When an offense is committed partly in one (1) county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense, occur in two (2) or more counties, the jurisdiction is in either county."

"Such statutes are remedial and are to be liberally construed." Annotation: 11 A.L.R. 1023; 76 A.L.R. 1038.

All the essential elements of the crime of receiving stolen property, knowing it to have been stolen, with the intent to deprive the true owner thereof, occurred in Grundy County. That is, the offense was consummated when the truck bed was received in Grundy County, knowing it to have been stolen, with the intent to deprive the owner thereof. Thus, the act of taking it to Warren County and disposing of it in that County was not an act consummating or necessary to consummate that crime. *Roach v. State,* supra.

Accordingly, we think, under the facts of this case, the charge of the trial judge to the effect that venue was in either county was erroneous and for that reason the case will have to be reversed and remanded.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.