Timothy William ABBOTT,
Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Nov. 14, 1973.

Certiorari Denied by Supreme Court
May 6, 1974.

J. Nelson Irvine, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In a two-count indictment the Hamilton County grand jury charged the defendant, Timothy William Abbott, and a codefendant, Henry L. Hines, with receiving stolen property and with concealing stolen property over the value of $100. On their trial only the second count was submitted to the jury. It found both the defendant and his codefendant guilty of concealing stolen property over the value of $100 and fixed their punishment at five years in the penitentiary. The trial judge sustained Hines' motion for a new trial and granted his motion for a directed verdict. He overruled the defendant's motion and sentenced him to three to five years in the penitentiary, from which the defendant appeals in error.

Neither the defendant nor Hines testified or offered any evidence.

The state's proof showed that on or about January 5, 1973, a business house in Leesburg, Florida, was burglarized and a

1972 Harley-Davidson Sportster motorcycle belonging to Mrs. Dorothy White was stolen. It had been left there for servicing.

At about 5:00 A.M., January 12, 1973, two Chattanooga policemen noticed a motorcycle parked in front of the Union Gospel Mission there. One had noticed the motorcycle the day before and on this morning decided to run a routine check on its ownership. That disclosed that it had been stolen in Leesburg, Florida. Evidence at the trial showed it belonged to Mrs. White.

The night manager of the mission led the officers to where the defendant was sleeping. In a brief conversation there, the defendant said that the motorcycle was his but he had no registration papers and that it was "sort of" stolen. The officers then asked the defendant and Hines to step outside. On the sidewalk the officers arrested them and advised them of their rights.

After *Miranda* warnings the defendant said he saw two people push two motorcycles out of a motorcycle shop in Leesburg, Florida; one motorcycle would crank and the other would not; the two men got on the one that would crank and drove off; the defendant and Hines were able to start the other; when they got it cranked they drove to Chattanooga. Hines said he rode behind the defendant. In a later statement, after further *Miranda* warnings, the defendant repeated his account of how they obtained the motorcycle and said they drove to Knoxville intending to get registration papers from a friend but could not get them. He also said they planned to go to California. Mrs. White, the owner, and also the operator of the Florida motorcycle business, testified about the ownership of the motorcycle and the burglary of the business house resulting in the larceny of the motorcycle.

■ The defendant contends the evidence does not show that he concealed stolen property in Hamilton County. He says that the evidence does not show that he knew the motorcycle was stolen or that he intended to deprive the true owner of it. From the evidence the jury could infer the defendant knew the goods were stolen. Tackett v. State, 223 Tenn. 176, 443 S.W. 2d 450. By going to Knoxville to get "papers" for it, the jury could infer he intended to deprive the owner of the motorcycle.

■ The crime of concealing stolen property does not require an actual hiding or secreting of the property but any acts which render its discovery more difficult and prevent identification or which will assist those stealing it in converting the property to their own use, is sufficient. See Jones v. State, 219 Tenn. 228, 409 S. W.2d 169. The evidence supports the offense of concealing stolen property in Hamilton County and this assignment is overruled.

In his contention that venue was improperly laid in Hamilton County, the defendant urges that the prosecution, if any, should have been under T.C.A. 39–4220 proscribing the bringing of stolen property into the state. He cites no authority to support the claim that he cannot be prosecuted for concealing stolen property under this indictment. A defendant has no right to choose the crime for which he will be prosecuted. Venue was properly laid in Hamilton County although he could have been prosecuted in Florida. We find no merit in this assignment.

■ Out of the presence of the jury, the trial judge held a hearing on the admissibility of the defendant's statements and decided that question adversely to him. The officers' initial questions at the Union Gospel Mission were not part of a custodial interrogation and *Miranda* warnings at that time were not required. See State v. Morris, 224 Tenn. 437, 456 S.W.2d 840. Before custodial interrogation, the officers thoroughly warned the defendant of his

constitutional rights. The trial judge did not err in admitting the statements.

All assignments are overruled and the judgment is affirmed.

GALBREATH and DWYER, JJ., concur.