Phillip Edward HALL, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 27, 1977.

Certiorari Denied by Supreme Court
May 2, 1977.

Kenneth R. Roach, Memphis (trial below), Walker Gwinn Chief Appellate Counsel, and Edward G. Thompson, Public Defender, Memphis (on appeal), for appellant.

R. A. Ashley, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, John A. Irvine, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

RUSSELL, Judge.

The defendant-appellant, Phillip Edward Hall, appeals two grand larceny convictions carrying concurrent three year penitentiary sentences. The two thefts occurred upon a single construction site in Shelby County, but involved break-ins at different buildings and the theft of property belonging to two different owners. The two charges were consolidated for trial, for the obvious reason that the same proof made out both cases.

An air conditioner, welding machine and building wire were stolen. This stolen property was found in a rental truck which had become stuck in the mud on a road leading to the construction site. When this truck was discovered the appellant was observed behind the wheel. He left and returned several times and assisted in attempting to free the truck.

When arrested Hall voluntarily gave a statement. It was exculpatory and hinged upon an alibi. Hall did not testify upon the trial, but presented an alibi defense.

■ The appellant questions the legal sufficiency of the convicting evidence. We hold that the evidence does not preponderate against the verdict, and overrule that assignment of error. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

■ Hall contends that it was error for the trial judge to overrule his motion to require the State to prove the content of Hall's exculpatory statement. There is no merit to this contention. Obviously, the State did not believe the out-of-court unsworn statement, and was under no obliga-

**418** 

tion to present it. The accused could have testified under oath, subject to cross-examination, but did not choose to do so. On the proposition of the State's not being required to present witnesses, see *State v. Bomar*, 214 Tenn. 476, 381 S.W.2d 280 (1964). It is settled law that the accused could not have introduced the self-serving statement. *Wharton's Criminal Evidence*, 13th Edition, § 303 has this to say:

> A declaration made by a defendant in his own favor, unless part of the res gestae or of a confession offered by the prosecution, is not admissible for the defense. A self-serving declaration is excluded because there is nothing to guarantee its testimonial trustworthiness. If such evidence were admissible, the door would be thrown open to obvious abuse: an accused could create evidence for himself by making statements in his favor for subsequent use at his trial to show his innocence.

This statement of law is supported by our case of *Moon v. State*, 146 Tenn. 319, 242 S.W. 39 (1921), where it was held that the out-of-court statement of the defendant to the effect that his wife had shot herself was incompetent as a self-serving declaration. It is fundamental that the State was not obligated to introduce exculpatory evidence which was available to the defendant but incompetent. This assignment is overruled.

A related assignment, wherein the complaint is made that the trial Court should have granted a special request to charge the jury that the State's failure to call the witness to the defendant's statement raised a presumption that the testimony would have been unfavorable to the State, is patently without merit for the reasons heretofore stated.

██ Finally, complaint is made of the charge given to the jury as to the effect of the possession of recently stolen property. It is said that this charge violates due process of law by shifting the burden of proof on the issue of guilt or innocence. We have held to the contrary in the case of *Phipps v.*

*State*, 3 Tenn.Cr.App. 574, 464 S.W.2d 341 (1970).

Affirmed.

WALKER, P. J., and TATUM, J., concur.