STATE of Tennessee, Appellee,

v.

Hobart "Doc" BARTON, Appellant.

Court of Criminal Appeals,
at Knoxville.

Nov. 2, 1981.

Permission to Appeal Denied by
Supreme Court Dec. 28, 1981.

Tom H. Rogan, Rogersville, for appellant.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Edward H. Moody, Asst. Dist. Atty., Rogersville, for appellee.

## OPINION

TATUM, Judge.

Defendant was convicted of the offense of an attempt to commit the felony of selling a controlled substance and sentenced to serve eleven months and twenty-nine days in the county jail plus a Five Hundred Dollar ($500) fine.

On this appeal, (1) he contests the sufficiency of the evidence to support the verdict; (2) he says the evidence does not sustain a conviction under T.C.A. § 39–603; (3) he complains of a comment made by the prosecuting witness which he avers was a deliberate and calculated attempt to influence and prejudice the jury. After considering the record, we have concluded that the judgment must be affirmed.

Insofar as the State's evidence is concerned the prosecuting witness, Jim Richards, testified he was acting as an undercover narcotics agent for the Attorney General's Office in Hawkins County when he purchased from defendant and another individual two hundred black capsules purported to contain an amphetamine, commonly referred to in street parlance as "speed" for which he paid the sum of One Hundred Fifty Dollars ($150). When tested, the capsules proved to contain caffeine. In the course of the sale, defendant stated to the undercover agent that the capsules "were good bootleg speed, some of the best he had seen and sold anywhere." Defendant did not put on any proof.

■ Defendant insists the sale of the two hundred caffeine pills did not constitute a crime; therefore, the verdict of attempting to commit the felony of selling a controlled substance, is a nullity. We disagree. In *Bandy v. State*, 575 S.W.2d 278 (Tenn.1979), our Supreme Court, citing *People v. Rojas*, 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921 (1961), rejected the legal impossibility defense. It was held in that case that where there is (1) intent to commit a specific crime; (2) an overt act; (3) failure to consummate the crime, one can be convicted of an attempt to commit a felony. The State's evidence proved all three of those elements in this case and we hold that the jury returned the proper verdict under the provisions of T.C.A. § 39–603.

■ Defendant insists that error arose from the prosecuting witness's interjection concerning Barton's notorious reputation. We find that this issue must be overruled. During a cross-examination of the witness, defendant complains of the following exchange:

"Q. Now, what is the first thing that was said?

A. I couldn't tell you. I was working on my car there. Mr. Barton and Mr. Jones arrived there, and Ruble Seals said 'well, there's Doc Barton', and I automatically ... anybody in this part of the country knows who Doc Barton is, and I was really interested in meeting him, because I knew that he had dealt in drugs for several years, and I was interested in buying from him.

Q. Have you got that on the report, or did you just want to throw that out to the Jury?

A. Everybody knows it anyway, Mr. Rogan.

Q. Is that responsive to anything that I said. . . .

THE COURT: Just a minute, gentlemen. I think that perhaps I need to give the Jury a precautionary instruction. Things like that come out in testimony, but I simply can not, under the law, permit you to consider that. You must not, and I instruct you to disregard it and not to consider that for any purpose. The question is whether in this case, this charge on October 30th, 1979, the Defendant is guilty beyond a reasonable doubt as charged, and you can not consider his reputation unless he puts that in issue and unless the State can prove it. Now, at this time, at least, I'll ask you to disregard it and please do not consider it for any purpose.

BY MR. ROGAN:

Q. Mr. Jim, did you know that that was improper, for you to volunteer . . . .

THE COURT: Well, let's don't pursue it, once I've ruled."

We would first observe that defense counsel did not object to the evidence or request the trial court to withdraw it from the jury's consideration, as required by the well established and often applied rule. *Mullins v. State*, 571 S.W.2d 852 (Tenn.Cr. App.1978), *cert. denied*, 440 U.S. 963, 99 S.Ct. 1508, 59 L.Ed.2d 777; *Marsh v. State*, 561 S.W.2d 767 (Tenn.Cr.App.1977); *Stone v. State*, 521 S.W.2d 597 (Tenn.Cr.App. 1974). Instead of objecting to the incompetent evidence, defense counsel continued to question the witness about it. After the trial court gave curative instructions, defense counsel made no objection to the instructions as given or requested correction or clarification. He continued to question the witness about the incompetent testimony until stopped by the trial judge. In the context of this record, we do not think that the issue has been preserved for review.

█ Furthermore, we are satisfied that the instructions given to the jury, taken as a whole, clearly inform the jury that it could not consider this evidence. We must assume that the jury followed the court's instructions. *Bennett v. State*, 530 S.W.2d 788, 789 (Tenn.Cr.App.1975); *Sullivan v. State*, 513 S.W.2d 152, 155 (Tenn.Cr.App.

1974); *Arendall v. State*, 509 S.W.2d 838, 842 (Tenn.Cr.App.1974).

We note that there was other evidence in the record that the defendant had previously sold illicit drugs. We are convinced beyond a reasonable doubt that the incompetent evidence was harmless, especially with the curative instructions as given. See Rule 36(b), T.R.A.P.

As stated above, the defendant made no objection in connection with this matter and made no motion for a mistrial. Under these circumstances, we think that the trial judge did all that he could reasonably be expected to do to nullify the effect of this evidence. The defendant was in jeopardy and a *sua sponte* granting of a mistrial would have prevented the State from again putting the defendant to trial without violating the constitutional prohibitions against double jeopardy. The occurrence did not meet the standard of "manifest necessity" so as to authorize the trial court to order a mistrial without the defendant's request or acquiescence. See *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Perez*, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824); *United States v. Evers*, 569 F.2d 876 (5th Cir. 1978).

The judgment of the lower court is affirmed.

BYERS, J., concurs.

O'BRIEN, J., dissents.

O'BRIEN, Judge, dissenting.

I must dissent from the majority opinion. I conclude that defendant's complaint about the volunteered, prejudicial comments of the prosecutor, Jim Richards, must be sustained. While the appellate courts of this State have affirmed the convictions in a multitude of drug cases based on evidence no greater than the testimony of an undercover agent relating purchase of an item established as a controlled substance, from an identified defendant, it cannot be denied that in such cases there is often no overwhelming evidence of guilt. The trial

judge qualified his curative instructions in this case by saying, "... Now, at this time, at least, I'll ask you to disregard it and please do not consider it for any purpose ..." This was a vague and illusory form of instruction which could easily have lead the jury astray. A few pages further in the record the same witness interjected the comment, "knowing Mr. Barton's reputation, I wanted to buy as much as I could ..." He was interrupted by the trial judge who admonished him not to refer to that. Without imputing any improper intent to the prosecuting witness in making the statements which he did, it is obvious that his zeal to insure a conviction in a case which swung on his testimony impelled him to repeat matters within his personal knowledge which were outside the record in the case. The repetition of comments of this nature could not help but influence the jury in reaching their decision. This was obviously not a strong case with only the testimony of the prosecuting witness to provide any of the evidence to show the actual occurrence of a sale in the first instance, or if the intent of the defendant was to sell a controlled substance, or to defraud the undercover agent by selling him a harmless substitute. The indictment itself which charged in one count the sale of a controlled substance, and in the second count false and fraudulent pretense of selling a controlled substance indicates the frailty of the State's case.

I would reverse the judgment of conviction and remand the case for a new trial.