STATE of Tennessee, Appellee,

v.

James BAKER, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

April 27, 1982.

Permission to Appeal Denied by
Supreme Court Sept. 7, 1982.

Richard A. Banks, at trial only, Cleveland, Jesse O. Farr, on appeal only, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, Steve Bebb, Asst. Dist. Atty. Gen., Sweetwater, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of concealing stolen property valued at more than $200.00, and received a sentence of not less than six nor more than ten years in the state penitentiary. Aggrieved by his conviction, the appellant has presented three issues for our consideration. In the first he challenges the sufficiency of the convicting evidence.

On September 4, 1979, Orville R. Payne was the owner of a 1979 Pontiac TransAm automobile which he had purchased for the use of his son, Randy. At a few minutes past 12:00 midnight that day, it was discovered that the car had been stolen from the parking lot of the Eastgate Shopping Center in Chattanooga. Later, Mr. Payne was taken by investigators to an automobile recycling and dismantling center operated by William A. Ervin on Blue Springs Road near Athens in McMinn County. There Mr. Payne identified the front end of his automobile. He was able to do so because of two little mud flaps which he personally installed behind the front fenders.

The operator of the recycling center, Mr. Ervin, testified that he purchased the Trans-Am front end from the appellant on September 5, 1979, paying him $600.00 for it. At the time of the transaction there were no scratches or marks on it, and Mr. Ervin believed that it had been expertly removed from the car to which it was attached. At the time the defendant brought it in, he was accompanied by two boys in their late teens, one of whom identified himself as the appellant's son. At the time of the trial the appellant's son was serving a sentence in the federal penitentiary for transporting Mr. Payne's TransAm across the state line.

Other parts of Mr. Payne's car were found at the defendant's garage in Ross-

ville, Georgia. There Mr. Payne identified the front seats, wheels, trunk lid, motor, and transmission from his car.

Although the appellant did not testify in his own behalf, he presented three defense witnesses. His son-in-law and his father-in-law testified that in early September 1979, the appellant was disabled from a heart attack. He was unable to work regularly at his garage and his son was running the garage.

The appellant also presented Lawrence W. Lepley, a Notary Public in Hamilton County, who identified his signature and notarial seal on a bill of sale for a TransAm front end clip from Terry Harmon to the appellant. Mr. Lepley notarized this document on September 3, 1979. The consideration was listed as $575.00. However, Mr. Lepley had no independent recollection of the transaction.

Apparently the appellant's theories were that the TransAm front end clip which Mr. Ervin bought from him was purchased from Terry Harmon the day before Mr. Payne's car was stolen. Alternatively, the appellant attempted to show that he was disabled and not capable of working at all in early September.

Obviously, the jury believed the state's witnesses and rejected the appellant's theories. A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

There clearly was sufficient evidence to justify a rational trier of fact in finding the appellant guilty beyond a reasonable doubt. Rule 13(e), T.R.A.P., *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). This issue has no merit.

In the second issue the appellant questions whether venue was sufficiently prov-

en. The only item that the appellant was charged with concealing was the front end clip. While other parts of the car were found at his garage in Georgia, Mr. Ervin's testimony clearly revealed that the appellant sold him the front end clip in McMinn County.

■ The "concealing" required for the offense of concealing stolen property does not require an actual hiding or secreting of the property, but is satisfied by any acts which make discovery of the property by the owner more difficult. *Jones v. State,* 219 Tenn. 228, 409 S.W.2d 169, 171–172 (1966). The appellant's sale of the front end clip to a dealer in McMinn County constituted "concealment" of the stolen property in that county. It is not necessary that all of the elements of the offense take place in the same county. If one or more elements of the offense are committed in one county and one or more elements are committed in another, the offense may be prosecuted in either county. Rule 18(b), T.R.Cr.P. Offenses committed wholly or in part outside this state, under circumstances that give this state jurisdiction to prosecute the offender, may be prosecuted in any county in which an element of the offense occurs. Rule 18(d), T.R.Cr.P.

■■ One element of the offense having occurred in McMinn County, the venue was proper. Venue is not an element of the offense and need only be established by a preponderance of the evidence. *State v. Bennett,* 549 S.W.2d 949 (Tenn.1977). Hence, this issue clearly has no merit.

■ Finally, the appellant contends that the trial judge erred in the ruling concerning the appellant's prior record. There was a discussion between defense counsel, the prosecutor, and the court concerning whether, in the event the appellant took the stand, the state would be allowed to cross-examine him about his prior convictions. He apparently had been convicted twice for violations of the Dyer Act, 18 U.S.C. §§ 2311–2313, which prohibits the transportation, sale or receipt of stolen vehicles in interstate commerce. The appel-

lant had a previous conviction for obtaining money under false pretenses. All three offenses very clearly involved dishonesty or false statement and were admissible under Rule 609(a)(2), Fed.R.Ev., adopted by our Supreme Court in *State v. Morgan,* 541 S.W.2d 385, 388–389 (Tenn.1976). Had the appellant taken the stand, the state would be entitled to cross-examine him about these convictions. However, the appellant is not entitled to an advisory ruling concerning this issue. The trial judge is not required to rule on this issue until the accused takes the stand. The defendant is not entitled to a blanket prohibition against the introduction of evidence of prior convictions. *Long v. State,* 607 S.W.2d 482, 486 (Tenn.Cr.App.1980). The trial judge's ruling was correct, and this issue has no merit.

Finding all of the issues presented by the appellant to be without merit, the judgment is affirmed.

CORNELIUS, J., and JOHN D. TEMPLETON, Special Judge, concur.