**STATE of Tennessee, Appellee,**

**v.**

**Jeffrey LAWSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 9, 1985.

Jane W. Young, Asst. Atty. Gen., Nashville, Berkeley Bell, Dist. Atty. Gen., Edward Sempkowski, Asst. Dist. Atty. Gen., Morristown, for appellee.

Mindy Norton Seals, Morristown, for appellant.

## OPINION

DAUGHTREY, Judge.

The defendant, Jeffrey Lawson, was convicted of concealing stolen property valued at less than $200 and was sentenced to five years imprisonment. On appeal, he alleges that the evidence was insufficient to support his conviction, that a mistrial should have been declared when a witness alluded to the defendant's prior jailing, and that the trial court erred in instructing the jury on the full range of punishment available upon conviction. We find no merit to these issues and therefore affirm the judgment of the trial court.

The evidence adduced at trial indicated that a chainsaw belonging to Elmer Williams and loaned to Elmer's son, Hugh, was stolen from Hugh's station wagon sometime during the late night or early morning hours of September 28–29, 1983. At approximately 10:30 a.m. on September 29, Hugh Williams observed the defendant carrying the stolen saw into Wolf's Trading Post. Williams confronted Lawson and identified the saw, which was worth between $100 and $200, as the one he had borrowed from his father. The defendant, however, claimed that he had purchased the saw from a Brian Birch.

After being taken into police custody, the defendant repeated that he had bought the chainsaw from Birch for $20. He claimed that as he was taking the saw to the Five Point Market to sell, he was approached by Hugh Williams and subsequently arrested.

Brian Birch, a 15-year-old high school student, testified that he had indeed seen the defendant on the morning of September 29. He denied, however, that he had sold Lawson the chainsaw or that he had even seen the saw before.

Based upon this evidence, the jury found the defendant guilty of concealing stolen property under the value of $200. Lawson contends that this verdict should be set aside because the state failed to prove that he had knowledge that the saw was stolen or that he had concealed the chainsaw.

The essential elements of the offense of concealing stolen property valued at less than $200 are:

(1) concealing or aiding in concealing;

(2) goods valued at less than $200;

(3) feloniously taken from another;

(4) knowing the same to have been so obtained;

(5) with intent to deprive the true owner thereof.

T.C.A. §§ 39–3–1112(b), 39–3–1113; *State v. Tuggle*, 639 S.W.2d 913, 915 (Tenn.1982).

Contrary to the defendant's contention, evidence of the guilty knowledge required to sustain the conviction could be found in the trial testimony. The principle is well established in Tennessee that the unsatisfactorily explained possession of recently stolen property may warrant the inference that the possessor obtained the property with knowledge that it had been stolen. *Tackett v. State*, 223 Tenn. 176, 443 S.W.2d 450, 451 (1969). In the present case, the defendant was seen in possession of the stolen chainsaw possibly as few as three hours after it had been feloniously taken from Hugh Williams's vehicle. Moreover, when asked to explain his possession of the saw, the defendant claimed to have purchased it from an individual who disclaimed any knowledge of the existence of the tool.

Furthermore, sufficient evidence of concealment was presented to the jury. The "concealing" element of the offense does

not require an actual hiding or secreting of the property but is satisfied by any acts which make discovery of the property by the owner more difficult. *Jones v. State,* 219 Tenn. 228, 409 S.W.2d 169, 171–172 (1966); *State v. Baker,* 639 S.W.2d 670, 672 (Tenn.Crim.App.1982). The defendant's admitted desire to sell the chainsaw to another individual is clearly such an act making discovery of the property by Mr. Williams "more difficult."

We hold that sufficient evidence was adduced at trial to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt of concealing stolen property. Tennessee Rule of Appellate Procedure 13(e). The challenge to the sufficiency of the evidence is without merit.

In a second issue, the defendant contends that a mistrial should have been declared after the jury heard the following colloquy between the District Attorney and witness Brian Birch:

Q: Do you know Jeffrey Lawson?

A: Yeah.

Q: How long have you known him?

A: Every since he got out of jail that first time.

Although the witness's statement was clearly improper, it was not elicited intentionally by the state. Also, the trial judge immediately and emphatically instructed the jury:

Members of the jury, I'm going to ask you to disregard that statement. Not consider it for any purpose at all. Just completely disregard it. Do not speculate why or anything about it. You'll consider that it never happened or isn't true. You'll not consider it for any purpose against the defendant.

This court must assume that the jury followed the trial judge's instructions. *State v. Barton,* 626 S.W.2d 296, 298 (Tenn.Crim. App.1981).

Moreover, given the evidence in the record, we are convinced that the statement in question, though improper, did not affect the judgment or result in prejudice to the judicial process. Tennessee Rule of Appellate Procedure 36(b). The trial court thus did not commit reversible error in refusing to grant the defendant's motion for a mistrial on this ground.

In his final issue, the defendant insists that the jury should not have been told the complete range of punishment available upon conviction for concealing stolen property valued at less than $200. Lawson argues that since he was a Range II offender, only the Range II punishment should have been mentioned in the instruction. He theorizes that had such an instruction been given, the jury might have convicted him of a lesser included offense in order to minimize his punishment.

The trial judge properly restricted consideration of the defendant's Range II status to the sentencing hearing when proof of such status could be offered. T.C.A. § 40–35–201(b) requires the trial court to "charge the possible penalties for the *offense charged* and all lesser included offenses." (Emphasis added.) The trial judge did not err in instructing the jury on the complete range of punishment available for the *offense charged* in this case.

Finding no reversible error in the record before us, we affirm the judgment of the trial court.

DUNCAN and SCOTT, JJ., concur.